[Civ. No. 25220.   Second Dist., Div. Three.   Jan. 9, 1962.]

PATRICK J. HEALY, Plaintiff and Appellant, v. ELMER H. YOUNG et al., Defendants and Respondents.

J. R. Campbell for Plaintiff and Appellant.

B. Wallace Fischmann for Defendants and Respondents.

SHINN, P. J.—Plaintiff instituted the present action against Mobile Hacienda Park Co. (referred to as Mobile) and Elmer H. Young, Sr., Alan P. Salter, Merwin C. Estes, Marcel Schmidt and Frederick W. Stearns. The demurrers of all the defendants were sustained and plaintiff amended his complaint. All defendants demurred to the amended complaint. The demurrer of Mobile to the second cause of action was overruled. The court did not rule upon Mobile's demurrer to any of the other causes of action. The demurrers of all individual defendants were sustained as to all causes of action. Plaintiff declined to amend and judgment was entered in favor of the individual defendants that plaintiff recover nothing against them. The corporation, which is still before the trial court on demurrer, is not a party to the appeal. The question before us is whether the amended complaint states a cause of action against any of the individual defendants.

The first cause of action alleges an indebtedness of the corporation to plaintiff in the sum of $2,543.11 as the balance of compensation due plaintiff for services rendered at the instance and request of the corporation, as a result of which the corporation acquired a lease on real property for use as a trailer park; and it is alleged that the corporation expressly agreed to pay said sum to plaintiff, but has paid no part of the same. It is alleged that Mobile is a corporation and that defendants Young, Salter and Estes own a majority of the stock, and are its officers and directors. No facts are alleged to make Young, Salter or Estes a party to the indebtedness. Aside from any question as to the liability of the corporation for services rendered, the mere fact that the three

individuals are the majority stockholders imposes upon them no liability for the debts of the corporation. The demurrers of these defendants were properly sustained as to the first cause of action. The second and third causes of action were against the corporation alone.

In the fourth cause of action it is alleged that Young, Salter and Estes employed plaintiff as a middleman "to find a party who, in plaintiff's judgment was willing and capable to finance, develop and manage the trailer park of defendant Mobile Corporation," and that said defendants orally agreed that plaintiff's compensation would be paid for "by said party in an amount to be agreed upon between the plaintiff and said party." It was also alleged as follows: ". . . plaintiff procured a written offer from Pacific Mobile Homes Park, Inc. stating in substance that said Pacific Mobile Homes Park, Inc. was ready, able and capable of financing, developing and managing the trailer park of the defendant, Mobile Corporation. In its said written offer, the Pacific Mobile Homes Park, Inc. agreed to pay plaintiff a compensation in the sum of $15,000 for his services in procuring said Pacific Mobile Homes Park, Inc. to finance, manage and develop the subject trailer park of the defendant, Mobile Corporation. The aforesaid written offer made by Pacific Mobile Homes Park, Inc. on or about April 11, 1959, set forth in the preceding paragraph was rejected by the defendants Young, Salter and Estes without any just cause. Plaintiff fully performed his undertakings under his aforesaid middleman's agreement set forth in Paragraph II of this cause of action [the agreement with defendants]; and by reason of the aforesaid rejection by defendants Young, Salter and Estes, of aforesaid offer made by said Pacific Mobile Homes Park, Inc., plaintiff was deprived of his compensation in the sum of $15,000.00." All these facts were also alleged in the fifth cause of action by reference, and it was further alleged that defendants Schmidt and Stearns, without justification, induced Young, Salter and Estes to breach their agreement with plaintiff in the manner aforesaid. These causes of action were manifestly insufficient to impose liability upon any of the individual defendants. It was alleged that plaintiff procured a mere statement from Pacific that it was "ready, able and capable of financing, developing and managing" the trailer park. This was not an offer to do anything. There was no allegation that any defendant made a statement of any terms or conditions upon which Mobile would accept financing or management arrange-

ments. There was no allegation of any terms or conditions upon which Pacific would finance, manage and develop a trailer park. There was no offer of Pacific communicated to Young, Salter and Estes or Mobile to enter into any contract with Mobile, and no allegation that Pacific and Mobile even discussed entering into a business arrangement.

Plaintiff conferred separately with two corporations in the hope that they might be brought together and enter into an agreement for the development of a trailer park on mutually satisfactory terms, and the matter ended without the parties even having started negotiations.

The theory of plaintiff is that defendants Young, Salter, Estes, Schmidt and Stearns in some manner wrongfully prevented him from rendering to Pacific services which would have earned him a commission of $15,000. It is not alleged that they did anything to prevent plaintiff from performing his contract with Pacific. Upon the contrary, plaintiff alleges that he did everything that was expected of him and that Pacific agreed to pay him $15,000 ''for his services in procuring said Pacific Mobile Homes Park, Inc. to finance, manage and develop the subject trailer park of the defendant, Mobile Corporation.'' It was not alleged that the commission was payable only upon the execution of a contract by the two corporations. If, as plaintiff alleges, he fully performed his services for Pacific, there is no basis whatever for accusing anyone of having prevented him from earning a commission.

The first, second and third causes of action were against the corporation alone. Neither the fourth nor fifth cause of action stated any ground for relief.

In the briefs the parties discuss the contention of Mobile that plaintiff was required to have a real estate brokers' license (Bus. & Prof. Code, §§ 10130, 10131) in order to render the services allegedly performed for Mobile in locating a site for a trailer park. The question does not arise on the present appeal.

It is unnecessary to consider the further contention of defendants that plaintiff was required to be the holder of a license as a business opportunity broker (Bus. & Prof. Code, §§ 10250, 10252) in order to render the alleged services for Pacific.

The judgment is affirmed.

Ford, J., concurred.